IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED
2014 JUN 17 AM 11:44
CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____
DEPUTY

ESKRIDGE ENTERPRISES, LLC d/b/a Eskridge & Associates,

        Plaintiff,

-vs-                                          Case No. A-14-CA-352-SS

SAYEED N. IQBAL,

        Defendant.

## ORDER

BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause, and specifically Defendant Sayeed N. Iqbal's Motion to Dismiss for Lack of Jurisdiction and Improper Venue [#3], to which Plaintiff Eskridge Enterprises, LLC has not responded. Having reviewed the documents, the governing law, and the file as a whole, the Court now enters the following opinion and orders GRANTING the motion to dismiss.

### Background

Plaintiff Eskridge Enterprises, LLC is a Texas-based staffing agency for physicians and other healthcare professionals. Eskridge entered into a written contract with Defendant Sayeed Iqbal, a physician, which placed Iqbal at the General Leonard Wood Army Community Medical Center in Fort Leonard Wood, Missouri. The contract was executed in Missouri and was to be performed wholly in Missouri. Eskridge alleges Iqbal subsequently breached the contract by terminating the contract without proper notice. Eskridge filed this lawsuit alleging breach of contract in Texas state court. Iqbal removed on the basis of diversity jurisdiction. Iqbal now moves to dismiss, arguing he

is not subject to personal jurisdiction in the State of Texas and, even if he were, venue is improper in this district.

## Analysis

As an initial matter, the Court GRANTS Iqbal's motion to dismiss as unopposed because Eskridge has failed to file a timely (or even an untimely) response. *See* Local Rule CV-7(e)(2). Alternatively, the Court briefly addresses the merits of the motion.

### I.   Personal Jurisdiction

### A.   Legal Standard

The Federal Rules of Civil Procedure allow a defendant to assert lack of personal jurisdiction as a defense. FED. R. CIV. P. 12(b)(2). To determine whether a federal district court has personal jurisdiction over a nonresident defendant, the district court considers first whether exercising jurisdiction over the defendant comports with due process. *Religious Tech. Ctr. v. Liebreich*, 339 F.3d 369, 373 (5th Cir. 2003). If the requirements of due process are satisfied, the court then determines whether the exercise of jurisdiction is authorized by the jurisdictional "long-arm" statute of the state in which the court sits. *Id.* Because the Texas long-arm statute has been interpreted as extending to the limit of due process, the two inquiries are the same for district courts in Texas. *Id.*; *see also* TEX. CIV. PRAC. & REM. CODE §§ 17.001–.093.

The Due Process Clause requires a nonresident defendant be properly subject to the personal jurisdiction of the court in which the defendant is sued. *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291 (1980). The United States Supreme Court has articulated a two-pronged test to determine whether a federal court may properly exercise jurisdiction over a nonresident defendant: (1) the nonresident must have minimum contacts with the forum state, and (2) subjecting the

nonresident to jurisdiction must be consistent with "traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945); *Freudensprung v. Offshore Technical Servs., Inc.*, 379 F.3d 327, 343 (5th Cir. 2004).

A defendant's "minimum contacts" may give rise to either specific personal jurisdiction or general personal jurisdiction, depending on the nature of the suit and the defendant's relationship to the forum state. *Freudensprung*, 379 F.3d at 343. "A court may exercise specific jurisdiction when (1) the defendant purposely directed its activities toward the forum state or purposely availed itself of the privileges of conducting activities there; and (2) the controversy arises out of or is related to the defendant's contacts with the forum state." *Id.* Even when the controversy is not related to the defendant's contacts with the forum state, however, a court may nevertheless exercise general jurisdiction over the defendant if the defendant has "continuous and systematic contacts" with the forum. *Id.* Of course, if a defendant satisfies neither of these tests, the exercise of personal jurisdiction is not proper. *Int'l Shoe*, 326 U.S. at 316.

The plaintiff has the burden of making a prima facie case by showing a defendant has sufficient "minimum contacts" with the forum state to justify the state's exercise of either specific or general jurisdiction. *Freudensprung*, 379 F.3d at 343. If the plaintiff does so, the burden shifts to the defendant to show such an exercise offends due process because it is not consistent with traditional notions of fair play and substantial justice. *Id.* Finally, when a court rules on a 12(b)(2) motion to dismiss for lack of personal jurisdiction without holding an evidentiary hearing, it must accept the non-moving party's jurisdictional allegations as true and resolve all factual disputes in its favor. *Guidry v. U.S. Tobacco Co.*, 188 F.3d 619, 625 (5th Cir. 1999).

B.  **Application**

There can be no serious argument Iqbal is subject to general personal jurisdiction in Texas. Iqbal resides in Illinois, has traveled to Texas twice in his life for personal reasons, and has never conducted business in the state. Eskridge has wholly failed to carry its burden of establishing Iqbal has the necessary "substantial" contacts of the "extensive quality and nature" needed to establish personal jurisdiction. *Choice Healthcare, Inc. v. Kaiser Foundation Health Plan of Colo.*, 615 F.3d 364, 368 (5th Cir. 2010).

Turning to specific jurisdiction, the only specific act Iqbal is alleged to have taken in the State of Texas is the filing of a wage claim with the Texas Workforce Commission. This act has nothing to do with Iqbal's alleged breach of the parties' contract. Moreover, that contract was executed in Missouri and was to be performed wholly in Missouri. The contract does not contain a forum-selection or choice-of-law clause. And it is not enough to say Eskridge was based in Texas. *See Holt Oil & Gas Corp. v. Harvey*, 801 F.2d 773, 778 (5th Cir. 1986) ("On several occasions [the Fifth Circuit] has observed that merely contracting with a resident of the forum state is insufficient to subject the nonresident to the forum's jurisdiction."). Eskridge has wholly failed to carry its burden of establishing Iqbal is subject to specific jurisdiction in Texas.

Because this Court cannot validly exercise personal jurisdiction over Iqbal, this case must be dismissed, and the motion to dismiss is GRANTED.

II.  **Improper Venue**

Iqbal also argues venue is improper in this district. The general venue statute allows for a civil action to be brought in one of three venues:

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

The first avenue is unavailable in this case because Iqbal resides in Illinois, not in this district. The second avenue is unavailable because no part of the events giving rise to this lawsuit occurred in Texas. Iqbal was hired in Missouri to perform work in Missouri, and is alleged to have breached his contract in Missouri by terminating his contract early without giving proper notice. The third avenue is unavailable because, for the reasons stated above, Iqbal is not subject to personal jurisdiction in this district. Accordingly, there is no basis for venue in this district, and the motion to dismiss must be GRANTED.

## Conclusion

Iqbal accurately summarized this lawsuit in his motion: "This case has nothing to do with Texas, other than the fact that Eskridge LLC is located here and chose to file suit in its home forum." Mot. Dism. [#3], at 9. Because neither personal jurisdiction nor venue are proper in this district, the motion to dismiss must be granted.

Accordingly,

IT IS ORDERED that Defendant Sayeed N. Iqbal's Motion to Dismiss for Lack of Jurisdiction and Improper Venue [#3] is GRANTED;

IT IS FINALLY ORDERED that all claims brought by Plaintiff Eskridge Enterprises, LLC in the above-styled cause are DISMISSED WITHOUT PREJUDICE.

SIGNED this the 17th day of June 2014.

_/s/ Sam Sparks_
SAM SPARKS
UNITED STATES DISTRICT JUDGE